**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARK JACOB JONES,

    Defendant - Appellant.

No. 16-1337
(D.C. No. 1:15-CR-00279-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Mark Jones pleaded guilty to one count of being a felon in possession of a firearm. The district court imposed an 18-month prison sentence and ordered it served consecutively to Jones' previous 126-month prison sentence for aggravated identity theft and mail fraud. Jones argues the district court abused its discretion in ordering his 18-month sentence be served consecutively to, rather than concurrently with, the 126-month sentence. Finding no abuse of discretion, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

On appeal, Jones generally argues that the district court's decision to impose a consecutive sentence rests on its unreasonable weighing of the 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3584(b) (explaining that in deciding whether to impose consecutive or concurrent sentence, sentencing court "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)").

By attacking the district court's weighing of the § 3553(a) factors, Jones challenges the substantive reasonableness of his sentence. *See United States v. Lente*, 759 F.3d 1149, 1156 (10th Cir. 2014). When reviewing the substantive reasonableness of a sentence, we look to "whether the district court abused its discretion in weighing permissible § 3553(a) factors in light of the totality of the circumstances." *Id.* at 1157–58 (quoting *United States v. Sayad*, 589 F.3d 1110, 1118 (10th Cir. 2009)). "Under this standard, we will 'deem a sentence unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unreasonable.'" *Id.* at 1158 (quoting *United States v. Gantt*, 679 F.3d 1240, 1249 (10th Cir. 2012)).

Jones first argues that the court placed too much emphasis on the fact that he possessed the firearm. Jones argues that the court's concerns regarding adequate punishment, deterrence, and community safety were "misdirected" because "he already knew he was not supposed to possess a firearm" and the "gun belonged to his wife, and she alone had purchased it and brought it to Colorado." Aplt. Br. 7. But Jones pleaded guilty to illegally possessing the firearm, not purchasing it, and the district court expressly addressed these same arguments when explaining the weight

2

it placed on the possession under § 3553(a). Moreover, as the court pointed out, the illegal firearm possession was unrelated to the charges underlying the 126-month sentence. Thus, the court reasoned, the firearm-possession sentence would have no deterrent effect on Jones if the court ordered it to be served concurrently with that sentence. Jones doesn't dispute that this is a valid basis for imposing a consecutive sentence.

Next, Jones argues that the district court insufficiently weighed his personal characteristics, including his health issues and need for medical care. But the record reflects that the court specifically considered his health, age, and the length of his 126-month sentence as mitigating factors in imposing a below-guidelines sentence. And we see nothing to indicate that the weight the court placed on Jones' health issues was unreasonable under the circumstances.

Finally, Jones argues that the court didn't give "appropriate weight to the policy statement in U.S.S.G. § 5G1.3(d)." Aplt. Br. 8. *See* 18 U.S.C. § 3553(a)(5) (listing pertinent Sentencing Commission policy statements as sentencing factor); U.S.S.G. § 5G1.3(d), cmt. n.4(A) (providing additional considerations for determining whether to impose sentence concurrently, partially concurrently, or consecutively to undischarged term of imprisonment). Specifically, Jones argues that the court "gave minimal weight" to the length of his undischarged 126-month sentence, the fact that his unlawful possession of the firearm was a victimless crime, his ailing health, and the fact that he "assured the court there is no risk of a repeat violation." Aplt. Br. 9. Again, we see nothing in the record to indicate—or even

3

intimate—that the court unreasonably weighed the policy statement in determining whether Jones' particular circumstances warranted imposing a consecutive or concurrent sentence. Instead, as the government notes, the court weighed the policy statement "and simply struck a different balance than Jones would have liked." Aplee. Br. 13.

We see nothing in the record to suggest the district court abused its discretion. Because Jones' 18-month consecutive sentence is reasonable under the circumstances, we affirm.

Entered for the Court


Nancy L. Moritz
Circuit Judge

4